08-5090-cr
United States v. Arenburg

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: April 20, 2010          Decided: May 25, 2010)

Docket No. 08-5090-cr

UNITED STATES OF AMERICA,

*Appellee,*

–v.–

JEFFREY ROBERT ARENBURG,

*Defendant-Appellant.*

Before:  MINER, CABRANES, and WESLEY, *Circuit Judges*.

Appeal from a judgment of conviction entered in the United States District Court for the Western District of New York (Arcara, C.J.), following a jury trial at which defendant was found guilty of assaulting a federal official. We hold that the district court erred by failing to revisit the issue of defendant's competence to stand trial based on his behavior in the courtroom. We therefore remand the case in order to provide the district court with an opportunity to consider whether defendant was competent throughout the trial.

REMANDED.

NORMAN TRABULUS, New York, NY, *for Defendant-Appellant*.

AARON J. MANGO, Assistant United States Attorney, *for* Kathleen M. Mehltretter, United States Attorney, Western District of New York, Buffalo, NY, *for Appellee*.

───────────────────

PER CURIAM:

Defendant-Appellant Jeffrey Robert Arenburg, a Canadian citizen, asks us to vacate his conviction for assaulting a federal official, 18 U.S.C. § 111, on the ground that he was not competent to stand trial. The district court's competency determination was based principally on a magistrate judge's prior findings that defendant was competent to stand trial and to represent himself. On appeal, no party challenges the accuracy of the magistrate judge's findings at the time they were made, almost two months prior to the trial. Moreover, although defendant proceeded *pro se*, neither the government nor defendant's standby counsel asked the district court to reconsider defendant's competence during the two-day trial.

Nevertheless, district courts operate under an independent statutory obligation to revisit a defendant's competence, *sua sponte*, if there is "reasonable cause to

2

believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a). Because trial judges are in the best position to make these determinations, we afford district courts wide latitude to reach conclusions as to both "reasonable cause" and a criminal defendant's overall competence to stand trial. But this discretion is not unfettered. For the reasons set forth below, we hold that, notwithstanding the magistrate judge's pretrial competence findings, the district court erred by failing to revisit defendant's competence to stand trial in light of his behavior during the trial itself. We therefore remand the case in order to provide the court with an opportunity to consider whether defendant was competent throughout the proceedings that led to his conviction.

## I.  BACKGROUND

On November 29, 2007, while attempting to cross the United States-Canada border near the Peace Bridge in Buffalo, New York, defendant struck a federal border patrol agent in the face and caused a laceration to the agent's lip. Defendant was detained and the government filed a criminal complaint the next day, charging him with

assaulting a federal official in violation of 18 U.S.C. § 111.

At the initial conference on the afternoon of November 30, 2007, a magistrate judge appointed counsel for defendant and scheduled a bail hearing for December 7.  After that hearing, the magistrate judge granted the government's motion to detain defendant.  The judge also ordered, pursuant to 18 U.S.C. §§ 4241 and 4242, separate evaluations of:  (1) defendant's mental state at the time of the offense, and (2) his competence to stand trial.

A forensic psychologist examined defendant from January 17 through February 15, 2008.  On February 27, 2008, the psychologist issued two reports in which she concluded that, although defendant suffered from paranoid schizophrenia,[1] he

---

[1] As the district court acknowledged, "defendant has a history of mental illness."  *United States v. Arenburg*, No. 08 Civ. 090A, 2008 WL 3286444, at *1 n.2 (W.D.N.Y. Aug. 7, 2008).  Much of this history relates to events in Canada, including an instance in which defendant was deemed incompetent to stand trial and committed to a mental institution for several years.  *See id.* at *5 n.9.  The psychologist who examined defendant obtained two decisions from the Ontario Board of Review, dated July 11, 2005 and January 29, 2007, describing his medical history.  These Canadian decisions were attached to the psychologist's report relating to defendant's competence to stand trial, which was filed under seal with this Court.  Because the parties' briefs quote extensively from these documents, we have directed in a separate order that the briefs be filed

4

was capable of appreciating the wrongfulness of his conduct on November 29, 2007, and was competent to stand trial. The psychologist noted, however, that defendant seemed to be attempting to mask his symptoms in order to convince her that he was not suffering from a mental defect.

The magistrate judge conducted a conference relating to the psychologist's findings on March 24, 2008. At the conference, defendant used profane language in reference to the court and his appointed counsel. Based on this conduct, defendant's counsel indicated that he was "not so sure" about the psychologist's conclusions. The magistrate judge denied defendant's request to proceed *pro se*, explaining that he was "not of the opinion that [defendant was] capable of representing [himself]."

Defendant was indicted on April 2, 2008. At his arraignment on April 3, defendant informed the same magistrate judge that he had no objections to the psychologist's reports, and that he wished to represent himself but retain his appointed attorney as standby counsel. This time the magistrate judge took a different view of defendant's request. First, he concluded that

---

under seal as well.

5

defendant had "made a knowing and intelligent decision to accept the report and waive his right to contest the issue of competency."  Next, the magistrate judge engaged in a two-hour colloquy with defendant in order to assess whether he was capable of waiving his right to counsel and representing himself.  Following the discussion, the magistrate judge issued a series of verbal findings based on defendant's responses to the court's questions and his general demeanor.  The judge concluded, *inter alia*, that defendant was competent to stand trial, and that he had "made a knowing and intelligent waiver of his right to the assistance of counsel."

Defendant appeared for the first time before the district judge on April 7, 2008.  The district judge confirmed that defendant had not had "any change of position" with respect to the magistrate judge's competence findings, and he set a May 20, 2008 trial date.  At the conclusion of the conference, however, defendant produced a signed note that contained several incoherent statements, such as "[o]n the radio stations airing my thoughts all over the world blaming me for being a drug trade," and "[a]iring my thoughts through the T.V. channels."  (J.A. at 29.)  He

stated that the purpose of the note was to "tell [the court] who I am." (Gov't App. at 164 (transcript of proceedings).) The courtroom deputy read the note into the record, but there was no further inquiry into its meaning. *See Arenburg*, 2008 WL 3286444, at *2 n.4.

The final pretrial conference was conducted without incident on May 15, 2008; defendant's trial began, as scheduled, on May 20. In his opening statement, defendant told the jury that he was "going to prove that MGM [Studios] is hiding the illegal drug trade in my name through the radio stations that you can call up or they can call you to tell people how to treat me or to find out about me because of MGM." (Gov't App. at 204.) During the government's case-in-chief, it elicited testimony from four federal border patrol agents, as well as the doctor who treated the injured agent. Consistent with defendant's opening statement, his cross-examination of each of the first two witnesses included a series of questions relating to "radio waves" and "microwave channels." During the second cross-examination, the court overruled two objections from the government. After the second witness's testimony, the following discussion occurred outside the presence of the

7

jury:

Assistant United States Attorney ("AUSA"): Your Honor, the government has serious concerns at this point of the defendant's ability to represent himself. He appears to be making a farce out of this trial.

Court: Well, he's asking questions that are of concern to him. Are you saying he's not competent to represent himself? Then you're saying he's not competent to stand trial.

AUSA: No, Your Honor.

Court: You can't have it both ways.

AUSA: The issue is actually up before the Supreme Court at this point for a decision [in *Indiana v. Edwards*, 128 S. Ct. 2379 (2008)].

. . .

Court: As far as the standard is concerned . . . the standard of competency, including [pleading] guilty or waiving the right to counsel is the same as the competency standard for standing trial. [citing *Godinez v. Moran*, 509 U.S. 389 (1993)] So it's the same standard.

So if your position is that he's not qualified or competent to represent himself, then he's not competent — you're saying in effect he's not competent to stand trial and we've already gone through that with the reports. So your request is denied.

AUSA: Your Honor, I think what he's doing here is trying to bootstrap an insanity defense.

Court: He's doing what he's doing and that's his right.

(Gov't App. at 244-45.) The district court then directed

8

the parties to appear in court the next morning to continue the trial.

The government called its final three witnesses during the second day of the trial, and defendant cross-examined each of them regarding a "microwave channel." After the government rested, defendant chose not to introduce any evidence. However, during his summation he asked the court — in front of the jury — if he could "bring up . . . the microwave channel and the drug channel." The district court stated that it would allow the argument, and defendant went on to assert:

> You, the jury, and I know that [the drug channel] was on for the last 20 plus years and how the government and these employees of the border and homeland security tell us that we are all crazy and are all hearing things. So what [are] the radio stations going to blame the drug trade on if you don't find the government and these people guilty of this crime. And maybe one or all of the jurors will be blamed on — blame it on next. So be wary, it could be one of you guys next.

(Gov't App. at 299.) After the jury listened to the government's rebuttal summation and received instructions from the court, it deliberated for approximately two hours and returned a guilty verdict.

Defendant's standby counsel filed a motion for a new trial on May 27, 2008. He argued that defendant "may have

9

been able to proceed *pro se* when [the magistrate judge] conducted his inquiry on April 3; however, he was not fit to proceed [during the trial]" on May 20 and 21, 2008. In an opinion denying the motion, the district court took the view that counsel had not "challenge[d] . . . the defendant's competency to stand trial," and that "[t]he question now before this Court" was whether it was "required . . . to revoke the defendant's *pro se* status" under *Indiana v. Edwards*, 128 S. Ct. 2379 (2008). *Arenburg*, 2008 WL 3286444, at *4-5 (emphasis omitted). Turning to that issue, the court concluded that, "[n]otwithstanding the defendant's bizarre references to microwave channels broadcasting his thoughts, the defendant in this case did manifest some ability to represent himself at trial." *Id.* at *5. Therefore, the court concluded, "[u]nder all the circumstances, . . . defendant was sufficiently competent to continue to exercise his right to self-representation, and nothing in the Supreme Court's *Edwards* decision required this Court to revoke the defendant's *pro se* status over his objections." *Id.*

On September 25, 2008, the district court sentenced defendant to 24 months' imprisonment. Defendant has not

challenged the sentencing proceeding on appeal, and his counsel avers that defendant has completed the sentence and returned to Canada.

## II. DISCUSSION

Defendant's appellate counsel argues that, notwithstanding the magistrate judge's prior findings, the district court erred by failing to revisit, *sua sponte*, the issue of defendant's competence. In this regard, we agree and hold that the district court erred by misapprehending its statutory obligations under 18 U.S.C. § 4241(a). Counsel goes further, however, and asserts that we should hold that defendant was incompetent to stand trial. We decline to do so. Although we are mindful of the practical considerations that limit the efficacy of retrospective competency determinations, we are ill-equipped to resolve this issue in an appellate posture under the circumstances presented by this case. Accordingly, for the reasons set forth below, we remand the case for further proceedings.

Due process requires that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense

11

may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  Because this constitutional right spans the duration of a criminal proceeding, "a trial court *must always be alert* to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."  *Id.* at 181 (emphasis added).

Although these requirements are constitutional in nature, Congress has seen fit to express them in a statute as well.  *See* 18 U.S.C. § 4241(a); *see also United States v. Magassouba*, 544 F.3d 387, 402-03 (2d Cir. 2008).  As relevant here, the statute provides:

> At any time after the commencement of a prosecution . . . , the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or *shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent* . . . .

18 U.S.C. § 4241(a) (emphasis added).[2]

---

[2] Congress enacted 18 U.S.C. § 4241 in 1984 as part of an effort to "completely amend[]," in a "comprehensive" fashion, the portions of Title 18 that "deal[] with the procedure to be followed by federal courts with respect to offenders suffering from a mental disease or defect."  S. Rep. 98-225, at 231 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3413; *see* Insanity Defense Reform Act, Pub. L. No. 98-473, § 403, 98 Stat. 1837 (1984).  The Senate Report

12

The issue of whether there is "reasonable cause" under 18 U.S.C. § 4241(a) "rests in the discretion of the [trial] court." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986). As such, a district court may consider "many factors" when determining whether "reasonable cause" to order a competency hearing exists, including (but not limited to) its "observations of the defendant's demeanor during the proceeding." *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002). However, where "reasonable cause" exists "[a]t any time after the commencement of a prosecution," a district court has but one option: "order . . . a hearing." 18 U.S.C. § 4241(a); *see also Quintieri*, 306 F.3d at 1232. This is so whether or not the parties raise the issue themselves, and the district court's obligation takes on increased significance where, as here, a criminal defendant elects to proceed *pro se*.

---

accompanying the bill confirms the plain meaning of the statutory text. It states that "the motion for a competency hearing may be filed by the government or the defendant; in addition the court may act *sua sponte*." S. Rep. 98-225, at 233, *reprinted in* 1984 U.S.C.C.A.N. at 3415. It goes on to note that "[i]t is *mandatory* that the court order a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect." *Id.* at 234, *reprinted in* 1984 U.S.C.C.A.N. at 3416 (emphasis added).

13

We review for abuse of discretion a district court's application of 18 U.S.C. § 4241(a). *Quintieri*, 306 F.3d at 1232-33. We will reverse the district court if its decision is based on either a clearly erroneous factual finding or an incorrect view of the law, or if its ruling cannot be located within the range of permissible decisions. *See United States v. Bell*, 584 F.3d 478, 483 (2d Cir. 2009). Applying this standard, we conclude that the district court committed legal error in applying § 4241(a).

Specifically, the court failed to acknowledge its statutory obligation to revisit defendant's competence to stand trial — even in the absence of an application from the parties — if there was "reasonable cause" to do so. After the testimony of the second witness, the government indicated that it had "serious concerns" about "defendant's ability to represent himself." In the discussion that followed, the district court denied the request because, in its view, the government was "saying in effect [that defendant is] not competent to stand trial and we've already gone through that with the reports."[3] However, irrespective

---

[3] At the time this case was before the district court, a case concerning the relationship between the standards governing a defendant's competence to stand trial and his or

14

of the government's position, the court was *required* to reconsider defendant's competence, *sua sponte*, if there was "reasonable cause." 18 U.S.C. § 4241(a). In its post-trial decision as well, the district court seemed unaware of this obligation when it emphasized that "counsel does not challenge . . . defendant's competency *to stand trial*," and that "before and during the trial, both parties maintained that the defendant was competent to stand trial." *Arenburg*, 2008 WL 3286444, at *4 & n.7 (emphasis in original). These remarks bolster our conclusion that the district court erred by misapprehending its obligation under § 4241(a).

Moreover, the district court was incorrect to suggest that the magistrate judge's April 3, 2008 conclusions — based largely on February 27, 2008 clinical findings — were

---

her competence to proceed *pro se* was pending before the Supreme Court. *See Edwards*, 128 S. Ct. at 2387-88. The *Edwards* opinion was filed after defendant's trial, but before the district court denied standby counsel's post-trial motion. The record reflects that both the magistrate judge and the district court judge were aware of *Edwards* and gave thorough consideration to the issues raised by that case. However, the due process rights guarded by 18 U.S.C. § 4241 must be addressed before a defendant's ability to proceed *pro se* becomes an issue. Therefore, in light of our conclusion that the case must be remanded for consideration of whether defendant was competent to stand trial, we do not reach the arguments presented by defendant's counsel relating to whether defendant was competent to represent himself.

dispositive of defendant's competence during the trial on May 20 and 21, 2008. Although we are reticent to saddle district courts with the requirement of conducting multiple competency hearings during the course of a criminal proceeding, the statutory obligation to be vigilant for "reasonable cause" at "any time after the commencement of a prosecution," 18 U.S.C. § 4241(a), does not disappear upon a pretrial finding that a defendant is competent to stand trial. This principle is particularly true in this case, where the magistrate judge's finding was made nearly two months prior to the trial.

The district court's legal error in failing to recognize its obligations under § 4241(a) serves as a substantial impediment to our review of the broader question of defendant's competence to stand trial. Inclined though we may be to treat deferentially a district court's determinations regarding "reasonable cause" and a defendant's overall competence to stand trial, the district court made no findings during the trial for us to review. We are well aware that, for any number of reasons, a criminal defendant may employ a trial strategy in which he or she attempts to feign insanity or some sort of mental

16

defect.[4]  And we are more than willing, under most circumstances, to defer to a trial court's differentiation between a defendant who is incompetent to stand trial and a defendant who simply wants a court or a jury to believe that is the case.  *See Zovluck v. United States*, 448 F.2d 339, 343 (2d Cir. 1971); *see also United States v. Berry*, 565 F.3d 385, 392 (7th Cir. 2009).  But there is no indication in the record before us that the district court paused during the trial to make factual findings, much less hold a hearing, regarding the import of defendant's erratic behavior.[5]

---

[4] In the decision denying the post-trial motion filed by defendant's standby counsel, the district court suggested that defendant was *not* seeking to feign a mental defect and was instead trying to *avoid* being perceived as insane: "[D]efendant's desire to proceed *pro se* and to forego any potential sanity defense was clearly motivated by his desire to avoid being incarcerated in a mental institution." *Arenburg*, 2008 WL 3286444, at *5 n.9.  These observations by the district court are consistent with the forensic psychologist's finding that defendant seemed to be seeking to minimize the symptoms of his schizophrenia.  Even to the extent defendant was able to formulate this type of strategy, however, defendant's inability to carry it out — as evidenced by his erratic behavior during the trial — supports our conclusion that there was "reasonable cause" for the district court to revisit the issue of his competence.

[5] Although the district court found in its post-trial opinion that, "[u]nder all the circumstances, . . . defendant was sufficiently competent to continue to exercise

17

That being said, we also note that there are some indications in the appellate record that there was at least "reasonable cause" to reconsider defendant's competence. No single event or discrete utterance necessarily requires this result. Viewed as a whole, however, defendant's conduct during the two-day trial suggests that this issue should have been revisited pursuant to 18 U.S.C. § 4241(a). In both of defendant's jury addresses, as well as the cross-examination of each of the government's witnesses, he made repeated references to "radio waves," "microwave channels," and a conspiracy involving MGM Studios and the government with the object of publicly broadcasting his thoughts. Moreover, during his closing argument, defendant stated that the jurors might be "blamed" for "the drug trade" if they did not "find the government and these people guilty of this crime." Simply put, the government was not on trial, and

his right to self-representation," *Arenburg*, 2008 WL 3286444, at *5, we do not regard this post-trial statement as a sufficient factual finding to sustain the conclusion that defendant was competent to stand trial despite his behavior. Because the district court framed the "issue now pending" as "whether the Court was *required*" to revoke defendant's *pro se* status under *Edwards*, *id.* at *4 (emphasis in original), its characterization of defendant as "sufficiently competent" to represent himself is not tantamount to a conclusion that defendant was competent to stand trial.

18

defendant's argument suggests that he labored under a fundamental misunderstanding of the "nature and object of the proceedings." *Drope*, 420 U.S. at 171. Indeed, in his closing argument Arenburg admitted to the crime with which he was charged by stating that "I am not saying that I didn't hit the man."

We have previously held that where a defendant "consistently exhibits behavior and beliefs" that are "bizarre," the trial court "should inquire into whether the defendant in fact is [competent] . . . before requiring him to proceed with trial or be sentenced." *United States v. Auen*, 846 F.2d 872, 878 (2d Cir. 1988). This conclusion applies with equal force here based on defendant's behavior during the trial, notwithstanding the magistrate judge's pretrial competence findings.

Finally, although defendant's counsel urges us to take an additional step and hold that defendant was not competent to stand trial, we decline to take that course. We are mindful that "*nunc pro tunc* competency evaluations are disfavored." *Id.* As we said in *Auen*, "the district court is in 'the best position to determine whether it can make a retrospective determination . . . of competency during . . .

19

trial and sentencing.'" *Id.* (quoting *United States v. Renfroe*, 825 F.2d 763, 767-68 (3d Cir. 1987)) (ellipses in original). We therefore remand this matter pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in order to allow the district court to consider: (1) whether it can make a retrospective determination regarding defendant's competence; and, if it concludes that such a determination is possible, (2) whether, notwithstanding the pretrial competence findings by the magistrate judge, defendant was competent to stand trial throughout the proceedings.

## III. CONCLUSION

For the foregoing reasons, this matter is remanded to the district court. The jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See id.*

20