09-2558-cr
United States v. Harper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand eleven.

PRESENT:
          AMALYA L. KEARSE,
          DENNY CHIN,
                    <u>Circuit Judges</u>,
          JED S. RAKOFF,
                    <u>District Judge</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                          09-2558-cr

KENNETH HARPER,
          <u>Defendant</u>,

GLENN HARPER,
          <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     BRIAN SHEPPARD, Law Office of Brian Sheppard, New Hyde Park, New York, and David M. Samel, Law Office of David M. Samel, New York, New York.

FOR APPELLEE:                STEPHAN J. BACZYNSKI, Assistant United States Attorney, <u>of counsel</u>, <u>for</u> William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

          <sup>*</sup>     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Glenn Harper appeals from a judgment of the district court entered, after a jury trial, on June 10, 2009, convicting him of one count of felony possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to 327 months' imprisonment.

Harper challenges his conviction primarily on five grounds. First, he argues that the district court abused its discretion in admitting evidence that was the product of an allegedly defective search warrant. Second, he asserts that the district court erroneously admitted purportedly irrelevant and unfairly prejudicial evidence about the provenance of the firearm. Third, Harper contends that the court violated his due process rights when it treated his absence at a competency hearing as a knowing and voluntary waiver of his right to be present. Fourth, he challenges the substance of the court's determination that he was competent to stand trial. Finally, Harper argues that he was denied due process when he was required to wear restraints at trial.

We consider these arguments in turn and assume the parties' familiarity with the facts and procedural history of the case as well as the issues presented for review.

**(1) The Warrant**

After de novo review and consideration of the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Irving, 452 F.3d 110, 125 (2d Cir. 2006), we conclude that the warrant application established probable cause to believe that illegal firearms would be found in Harper's home, for substantially the reasons articulated by the district court in its May 30, 2006, decision and order adopting the March 10, 2006, report and recommendation of the magistrate judge recommending denial of Harper's motion to suppress. The details in the warrant application were sufficient to facilitate the issuing judge's independent determination that the confidential informant who alerted police to the firearms in Harper's home was reliable. See United States v. Gagnon, 373 F.3d 230, 235-36 (2d Cir. 2004). We also agree with the district court's conclusion that, in any event, the officers executing the warrant were entitled to rely in good faith on its validity. See United States v. Leon, 468 U.S. 897, 923 (1984).

Finally, the no-knock provision included in the warrant was justified, as investigating officers reasonably believed that firearms were present in Harper's home and that announcing their presence therefore would be dangerous. See United States v. Ramirez, 523 U.S. 65, 71 (1998).

**(2) Evidence that the Firearm was Stolen**

Harper made gratuitous inquiries to officers during a post-arrest interview regarding whether he would face burglary

-3-

and stolen property charges for the items found in his bedroom. The fact that he asked such questions was relevant under Federal Rule of Evidence 401. Harper's possession of the shotgun charged in the indictment was the primary issue at trial, and the questions he asked betrayed his knowledge of the gun's illicit provenance. Linden Smalt testified at trial that the shotgun had, in fact, been stolen in a burglary of Smalt's house days before Harper's arrest.

The district court considered the prejudicial potential of this evidence in its balancing analysis under Federal Rule of Evidence 403. There is no basis to conclude that the court's determination under Rule 403 was irrational or arbitrary. See United States v. Bicaksiz, 194 F.3d 390, 396 (2d Cir. 1999).

**(3) Harper's Absence from the Hearing**

Due process protected Harper's right to be present at the pretrial examination of the Federal Medical Center ("FMC") forensic psychologist who evaluated his competency to stand trial only "'to the extent that a fair and just hearing would be thwarted by [his] absence.'" Polizzi v. United States, 926 F.2d 1311, 1318 (2d Cir. 1991) (quoting Kentucky v. Stincer, 482 U.S. 730, 745 (1987)); see also United States v. Purnett, 910 F.2d 51, 55 (2d Cir. 1990) (holding that a competency hearing is a critical event in a prosecution); cf. Fed. R. Crim. P. 43(a) (codifying the right to be present "at every trial stage"). As defense counsel thoroughly cross-examined the psychologist regarding her evaluation of Harper and the report of her findings, we are satisfied that the hearing was fair, and any

-4-

error in treating Harper's absence as a waiver was harmless. See United States v. Magassouba, 544 F.3d 387, 414–15 (2d Cir. 2008).

In any event, we find no clear error in the district court's conclusion that Harper was competent to waive attendance at the hearing and that he did so knowingly and voluntarily. See United States v. Nichols, 56 F.3d 403, 413 (2d Cir. 1995). Harper does not argue that his absence was not actually knowing and voluntary or that he was actually incompetent at the time, i.e., he could not (1) consult with counsel "'with a reasonable degree of rational understanding,'" or (2) understand the proceedings against him. See id. at 410 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)).

Even if the record could be plausibly read to the contrary, we give deference to the district court's determination that a defendant is competent, see United States v. Morrison, 153 F.3d 34, 46 (2d Cir. 1998), as well as its "differentiation between a defendant who is incompetent to stand trial and a defendant who simply wants a court or a jury to believe that is the case," United States v. Arenburg, 605 F.3d 164, 170–71 (2d Cir. 2010) (per curiam). See generally Polizzi, 926 F.2d at 1319 (holding that to the extent that a knowing and voluntary waiver "rested in part on a credibility appraisal, even greater deference is accorded the trial court's findings"). The record is clear that Judge Larimer "did not harbor serious doubts about [Harper's] competency at the time of waiver" and had ordered the competency evaluation only "as a precautionary measure," upon defense counsel's request and with the government's consent,

–5–

Nichols, 56 F.3d at 414.  His acceptance of the waiver was supported by many courtroom interactions with and ex parte letters from Harper, a report detailing the marshals' efforts to bring Harper to court on the day of his competency hearing,[2] and the FMC report summarizing clinical and correctional staffs' observations of Harper's "unremarkable" behavior during his month-long, residential competency evaluation (J.A. 151).

On this record, we reject Harper's contention that Judge Larimer harbored a "reasonable cause" to doubt Harper's competence when he accepted Harper's waiver without the benefit of a hearing.  See 18 U.S.C. § 4241(a).  That the court went ahead with the hearing anyway -- evidently believing that it was required by 18 U.S.C. § 4247(d) to give the defense an opportunity to challenge the FMC report -- did not invalidate that finding.  See Nichols, 56 F.3d at 414-15; cf. United States v. Oliver, 626 F.2d 254, 258-59 (2d Cir. 1980) (upholding a determination of competence based entirely on the court's observations).

**(4)  Harper's Competency to Stand Trial**

The district court did not abuse its discretion in refusing to grant Harper's request for a second, "independent forensic exam" of his competency after determining by a preponderance of the evidence that Harper was competent to stand trial.  See Nichols, 56 F.3d at 410.

---

[2]  Harper refused to leave his cell that day, despite being advised repeatedly of the nature of the hearing by both the marshals and his lawyer and being informed that the judge requested his presence.  See Nichols, 56 F.3d at 416-17; cf. United States v. Tureseo, 566 F.3d 77, 83-84 (2d Cir. 2009).

-6-

We note that Harper did not object at the outset to FMC as the site of his evaluation or to FMC's affiliation with the government. See United States v. Zhou, 428 F.3d 361, 380 (2d Cir. 2005) (holding that a district court evaluating competency may reasonably "rely on the expertise of a forensic psychologist associated with the [Bureau of Prisons]," who is "presumably familiar with patients similarly situated"). Harper had no right to further testing once the district court was satisfied of his competency, and the court had no duty to seek out opinions contrary to FMC's. Cf. Ake v. Oklahoma, 470 U.S. 68, 83 (1985) (finding no right to a competency examination by a psychiatrist of one's choosing);[2] United States v. Schmidt, 105 F.3d 82, 84 (2d Cir. 1997) (affirming a competency determination where the "proceedings conducted in the district court accorded [defendant] all the legal rights to which she was entitled").

We are not persuaded that any incompleteness in the court's knowledge of Harper's personal history undermined its determination that he was competent. Regardless of any informational deficit, FMC staff observed Harper almost continuously for an entire month and reported that his behavior was "unremarkable," confirming Judge Larimer's suspicion that the belligerent behavior at the heart of the competency inquiry was within Harper's control and calculated to delay trial, not the product of a mental defect that rendered him unable to consult with his lawyer or understand the proceedings against him.

---

[2] Harper's competency to stand trial, not his "sanity at the time of the offense," was at issue, and therefore his reliance on Ake is misplaced. See Ake, 470 U.S. at 72, 74, 83.

-7-

**(5) Use of Restraints at Trial**

Finally, the district court did not abuse its discretion in requiring Harper to wear physical restraints during trial.  See Hameed v. Mann, 57 F.3d 217, 222 (2d Cir. 1995).  The court considered, but did not defer to, the recommendation of the marshals' service that Harper be shackled, and its decision was informed by experience with, inter alia, Harper's outbursts in court, his destruction of a steel partition in his holding cell after an adverse evidentiary ruling, and his physical assault of his prior lawyer.  Further, the court ordered measures to minimize the chances that Harper's shackling would be visible to the jury, and there is no evidence that the jury ever knew of the restraints.  Even assuming arguendo that it was error to retrain Harper, we conclude that the error was harmless in light of the measures taken and "in light of "the strength of the case."  Id.; see also Davidson v. Riley, 44 F.3d 1118, 1124 (2d Cir. 1995).

We have considered Harper's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

–8–