12-3623-CR
United States v. Anthony Harry

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of December, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              RICHARD C. WESLEY,
                          *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,


             -v-                                                12-3623-cr

ANTHONY HARRY,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:      Ian S. Weinstein (James A. Cohen, Jeffrey D. Coleman, Nathanial
                              J. McPherson, Timothy J. Straub, *on the brief*), Fordham
                              University School of Law, Lincoln Square Legal Services, New
                              York, N.Y.


Appearing for Appellee:       Adam J. Fee, Assistant United States Attorney (Preet Bharara,
                              United States Attorney for the Southern District of New York,
                              Michael Alexander Levy, Assistant United States Attorney, *on the
                              brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Following a jury trial, Anthony Harry was convicted of two counts of threatening to harm the family of a United States Probation Officer, in violation of 18 U.S.C. § 115(a)(1)(A). On September 5, 2012, the district court sentenced Harry to forty-six months' imprisonment on each count, to run concurrently, followed by one year of supervised release, and a special assessment of $200. Harry now appeals from his September 7, 2012 conviction.

On appeal, Harry asserts that the district court should have ordered a competency hearing during the proceedings, as there was more than reasonable cause to believe that Harry may have been incompetent to stand trial, and also argues that he was improperly precluded from presenting evidence that would have assisted his defense. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.     Competency Hearing

"Due process requires that 'a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.'" *United States v. Arenburg*, 605 F.3d 164, 168-69 (2d Cir. 2010) (quoting *Drope v. Missouri,* 420 U.S. 162, 171 (1975)). "Because this constitutional right spans the duration of a criminal proceeding, 'a trial court *must always be alert* to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.'" *Id.* at 169 (citing *Drope*, 420 U.S. at 181) (emphasis in original).

We review for abuse of discretion a district court's determination not to hold a competency hearing. *See United States v. Quintieri*, 306 F.3d 1217, 1232-33 (2d Cir. 2002). "In deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own observations of the defendant." *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir.1995).

In total, Harry points to two distinct moments that he argues gave the district court reasonable cause to hold a competency hearing: (1) his conduct at the pre-trial conference when he expressed frustration at not being able to see certain documents and asked to be taken out of the courtroom, and (2) his counsel's acknowledgment at sentencing that "the trend" of Harry's lack of "active participation" in the case had continued in the pre-sentencing stages of the proceeding. However, in each of these circumstances, a review of the record and transcript shows that the district court inquired into how Harry was communicating with counsel, and in

2

each circumstance, the district court was satisfied that even if Harry was angry or unwilling to discuss certain issues at length, Harry had an understanding of the proceedings against him, and, when he chose to, was fully able to participate in his own defense. It also bears noting that the record indicates Harry was able to remain calm in the presence of the jury during his trial, indicating he was indeed capable of controlling his behavior and expressions of frustration.

We have acknowledged that "some degree of mental illness cannot be equated with incompetence to stand trial." *United States v. Auen*, 846 F.2d 872, 878 (2d Cir. 1988) (internal quotation marks omitted). Here, all parties, including the district court and the doctors who performed an initial competency evaluation on Harry, acknowledged that Harry suffered from some form of mental illness. However, it was not an abuse of discretion for the district court to conclude that Harry's outbursts did not demonstrate that he was unable to understand the nature of the proceedings against him, or assist counsel with his own defense. This is evidenced by Harry's expressed decision not to assert an insanity defense and his specific request at sentencing to receive mental health treatment as part of his sentence . *See Nichols*, 56 F.3d at 412 ("Mason argues that the transcripts of the early court appearances, together with the Batchelder affidavit, demonstrate his mental incoherence and his failure to comprehend the charges against him. While that is one plausible reading, it is at least equally plausible to read Mason's statements as evincing resignation and frustration but not irrationality. We must in these circumstances defer to the judgment of the district court.").

We also note that while it was unfortunate that Harry's case ended up before three different district court judges over the course of this case, each evinced a clear understanding of a district court's statutory obligations under 18 U.S.C. § 4241(a). *See Arenburg*, 605 F.3d at 170. Thus, for the reasons discussed above, we conclude that the decision not to order a competency hearing for Harry, either before, during, or after trial, was not an abuse of discretion.

## II.     Evidentiary Ruling

Next, Harry challenges the district court's exclusion of unredacted voicemails, which included discussions of Harry's participation in particular substance abuse/mental health programs, from evidence. Harry asserts that these recordings were necessary to show the complexities of his relationship with the probations officers.

"Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). We conclude that the district court's determination that the limited probative value of admitting the unredacted voicemails in full was substantially outweighed by the risk of misleading or confusing the jury as to the issue of Harry's mental health was not an abuse of discretion.

Moreover, a review of the transcripts from trial suggest that Harry's counsel was able to delve into the complexities of Harry's relationship with the probation officers, even without the ability to present the full, unredacted voicemails to the jury. For example, defense counsel was able to cross-examine Supervisory United States Probation Officer Rodriguez about his relationship with Harry, and question him about the fact that he had encouraged Harry to contact him and provided him with his email and cell phone number, even after Harry had been transferred to another Supervisory Probation Officer. Counsel also elicited testimony from Rodriguez about Rodriguez "personally" transporting Harry to his "community access program," and that Harry had confided in him that he had a strained relationship with his father. Rodriguez testified that they shared a long car ride and conversed, and that he believed that Harry was "comfortable speaking with him."Harry's counsel also cross-examined the "line officer" to whom Harry was transferred as to whether she was trying to assist Harry with his substance abuse problems, his housing situation, his ability to receive benefits, and generally to help him rehabilitate himself. Thus, because there was ample evidence offered about Harry's relationship with probation, we conclude that Harry was not prejudiced by the district court's exclusion of the unredacted voicemail recordings. On this basis, Harry has not demonstrated a fundamental unfairness that would have violated his right to present a defense and his right to a fair trial. *See United States v. Williams*, 205 F.3d 23, 29-30 (2d Cir. 2000) (citation omitted).

We have considered Harry's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4