13-622-cr
United States v. Sorrentino

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.                                                          No. 13-622-cr

JOHN SORRENTINO,
*Defendant-Appellant.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:       YVONNE SHIVERS, Levitt & Kaizer, New York, New York.

APPEARING FOR APPELLEE:        MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 12, 2013, is AFFIRMED.

Defendant John Sorrentino, who stands convicted on a guilty plea of one count of money laundering, see 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), challenges the district court's failure sua sponte to order a hearing to decide his mental competency to plead guilty. In reviewing for abuse of discretion, see United States v. Arenburg, 605 F.3d 164, 169 (2d Cir. 2010), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

To afford a defendant due process, a district court must order a competency hearing "on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "There are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed . . . ." Drope v. Missouri, 420 U.S. 162, 180 (1975); accord

_____

[1] As the government conceded at oral argument, we do not review unpreserved challenges to the district court's failure to order a competency hearing for plain error because the court must sua sponte order a hearing if there is reasonable cause to question the defendant's mental competency. See, e.g., United States v. Arenburg, 605 F.3d at 169 (reviewing failure sua sponte to order § 4241(a) hearing for abuse of discretion).

2

United States v. Xiao Qin Zhou, 428 F.3d 361, 379 (2d Cir. 2005).  Rather, the district court properly considers "many factors," including its "observations of the defendant's demeanor during the proceeding," as well as any available psychiatric records.  United States v. Quintieri, 306 F.3d 1217, 1233 (2d Cir. 2002).  Although not dispositive, defense counsel's failure to indicate that the defendant "had any difficulty assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence."  Id. (internal quotation marks omitted).

Here, we identify no error in the district court's failure sua sponte to order a competency hearing before accepting Sorrentino's guilty plea in September 2010.  At that time, Sorrentino, his counsel, and the prosecutor all assured the district court that Sorrentino was mentally competent and capable of entering a knowing and intelligent plea.  Further, Sorrentino presented to the district court as "calm, understanding, articulate, [and] dialoguing correctly" with both the court and defense counsel.  J.A. 51.  In such circumstances, the district court acted well within its discretion in not ordering a competency hearing on its own motion.  See United States v. Quintieri, 306 F.3d at 1233–34 (identifying no abuse of discretion in failure sua sponte to order hearing because district court's observations and defense counsel's assurances as to defendant's competence "overcome any reasonable doubt . . . that may have been raised by his statement that he felt dizzy" from taking wrong medication); cf. United States v. Graves, 98 F.3d 258, 261–62 (7th Cir. 1996) (concluding district court should have ordered sua sponte competency

3

hearing where defendant suffered stroke that caused him "serious difficulty speaking and some paralysis, and . . . some impairment of memory and understanding" when conversing with court).

In urging otherwise, Sorrentino notes that when he pleaded guilty, he had an extensive psychiatric history for which he was medicated and under the care of a psychologist, but that the district court's inquiry into these facts during the colloquy was inadequate to determine whether reasonable cause existed to believe him mentally competent. But when identifying his various medications for the district court, Sorrentino confirmed that he understood the proceeding and was able to converse with his attorney, representations confirmed by his demeanor. Moreover, in stating that he thought Sorrentino was competent, defense counsel acknowledged his client's history of mental illness and represented that he had been in contact with Sorrentino's psychologist. Absent any indication that the psychologist had expressed concern over Sorrentino's mental competency, the district court did not abuse its discretion in failing to order a hearing. See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) (upholding decision not to order hearing where psychological reports presented "no basis" to question competency).

Sorrentino argues that, even if the district court did not err in failing to order a competency hearing before accepting his guilty plea, it was obligated sua sponte to require a retroactive finding of mental competency at the time of plea when it ordered an evaluation of Sorrentino's competency to proceed to sentencing. Specifically, Sorrentino

notes that Dana Brauman, Psy. D., in finding him incompetent to proceed to sentencing in September 2011, opined that Sorrentino was unable to weigh defense counsel's recommendations or make decisions concerning his constitutional rights, deficits bearing as much on the decision to plead guilty as to proceed to sentencing.[2]  We are not persuaded.

As a general matter, "nunc pro tunc competency evaluations are disfavored." United States v. Auen, 846 F.2d 872, 878 (2d Cir. 1988); accord United States v. Arenburg, 605 F.3d at 171.  A retroactive evaluation was particularly unwarranted here because defense counsel, without questioning Sorrentino's ability to plead guilty, requested a professional assessment of his client's competency to proceed to sentencing only because Sorrentino's mental condition appeared to have degenerated in the nine months between his plea and scheduled sentencing.   Indeed, Dr. Brauman observed that around the time of the guilty plea, records indicated Sorrentino's exhibition of logical thought and appropriate affect and insight.   These circumstances, together with the district court's own competency assessment at the time of Sorrentino's guilty plea, demonstrate no abuse of discretion in the failure to order a retroactive hearing.   See United States v. Arenburg, 605 F.3d at 171 ("[T]he district court is in the best position to determine whether it can make a

---

[2] Sorrentino does not challenge the district court's determination that, after undergoing restorative therapy, he was mentally competent to be sentenced.   He challenges only the failure retroactively to consider his competency to plead guilty.

5

retrospective determination of competency during trial and sentencing." (internal quotation marks and alterations omitted)).

Accordingly, Sorrentino's challenge fails on the merits.

We have considered Sorrentino's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

6