14-337-cr(L)
*United States v. Chestnut*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee,*

    v.               Nos. 14-337-cr(L),
                          14-2685-cr(CON)

HERMIE GLYNN CHESTNUT, AKA Christopher Williams, AKA Sean Harris, AKA Henry Thomas, AKA Glen Fambro, AKA Alex Hoyt, AKA Barry Cummings, AKA Tim Thomas,

   *Defendant-Appellant,*

ASHLEY HYMSON, SECOND CHANCE, AKA Danny Concepcion, AKA Danny Second, AKA Danny Chance, ANITA BEHARRY,

   *Defendants.*[*]

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform with the above.

**FOR HERMIE GLYNN CHESTNUT:**  ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, NY.

**FOR UNITED STATES OF AMERICA:**  EDWARD B. DISKANT (Karl N. Metzner, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Hermie Glynn Chestnut appeals from the District Court's January 23, 2014 judgment convicting him, after a guilty plea, of wire fraud, conspiracy to commit wire fraud, and aggravated identity theft and sentencing him principally to 116 months' imprisonment and three years' supervised release.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 4241(a) of Title 18, United States Code, requires a district court, on its own motion, to conduct a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). We review for abuse of discretion a district court's determination that there is no "reasonable cause" to hold a competency hearing. *United States v. Quintieri*, 306 F.3d 1217, 1232–33 (2d Cir. 2002).[2]

Upon review of the record and relevant law, we conclude that the District Court acted well within its discretion in not holding a competency hearing *sua sponte*. At the plea allocution, the District Court explicitly inquired into Chestnut's health and mental competency. After Chestnut stated that he was taking "[m]edicine related to complex PTSD," the District Court specifically asked him whether the medicine affected his ability to think clearly, to which he responded, "No. I can understand you today." App. 25–26. The District Court then asked him, "Is your mind clear today?" and, "Are you feeling well today?" *Id.* at 26. Chestnut responded yes to both questions. The District Court further inquired, "Do either counsel have any doubt as to the defendant's

---

[1] Chestnut also filed a notice of appeal from the District Court's April 10, 2014 order of restitution in the amount of $999,988.53, but he does not raise any arguments on appeal with regard to restitution.

[2] Although the Government argues that plain-error review should apply because defense counsel did not challenge Chestnut's competency below, that standard of review makes little sense in this context, where Chestnut's principal argument on appeal is that the District Court should have held a competency hearing *sua sponte* under the terms of the relevant statute. *See United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010).

competence to plead at this time?" *Id.* Both counsel responded no. The District Court then concluded: "On the basis of Mr. Chestnut's responses to my questions and my observations of his demeanor, I find that he is fully competent to enter an informed plea at this time." *Id.* at 27.

On this record, it is abundantly clear that the District Court acted well within its discretion in determining that there was no "reasonable cause" to hold a competency hearing *sua sponte*. *See Quintieri*, 306 F.3d at 1233; *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995).

## CONCLUSION

We have considered all of the arguments raised by Chestnut on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's January 23, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3