19-4138-cr
United States v. Muhammad Waqar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand twenty-one.

PRESENT:  ROSEMARY S. POOLER,
　　　　　　BARRINGTON D. PARKER,
　　　　　　GERARD E. LYNCH,
　　　　　　　　　　　*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

　　　　　　　　　　*Appellee,*

　　　　v.　　　　　　　　　　　　　　　　　　　No.　19-4138-cr

MUHAMMAD WAQAR,

　　　　　　　　　*Defendant-Appellant.*

_____

APPEARING FOR APPELLANT:　　JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

APPEARING FOR APPELLEE:　　DANIEL G. NESSIM, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney *on the brief*) *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Muhammad Waqar appeals from a December 4, 2019 judgment of conviction entered by the United States District Court for the Southern District of New York following his conviction by a jury on one count of attempted enticement of a child in violation of 18 U.S.C. § 2422(b). We assume the parties' familiarity with the underlying facts, procedural history, and specifications of issues for review, which we reference only as necessary to explain our decision. We address and reject Waqar's claim of error in the instructions given to the jury in a separate opinion also filed today.

Waqar argues that the district court abused its discretion by failing to order, sua sponte, a competency hearing based on the results of a psychological evaluation and certain statements Waqar made in open court.

Due process "prohibits the criminal prosecution of a defendant who is not competent to stand trial." *United States v. Quintieri*, 306 F.3d 1217, 1232 (2d Cir. 2002), quoting *Medina v. California*, 505 U.S. 437, 439 (1992) (internal quotation marks omitted). "The two-prong test for competency asks whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Brennan*, 928 F.3d 210, 215-16 (2d Cir. 2019)

2

(internal quotation marks omitted). Congress has codified this constitutional principle in 18 U.S.C. § 4241, which requires that a district court, on its own motion if necessary, hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." 18 U.S.C. § 4241(a). "[A] district court may consider many factors when determining whether reasonable cause to order a competency hearing exists." *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010). These include, without limitation, "a medical opinion and the court's observation of the defendant's comportment." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995).

The district court did not exceed its discretion in failing to sua sponte order a competency hearing. The psychological examination of Waqar found that while he suffered from some cognitive limitations, he did not lack the capacity to comprehend the wrongfulness of his actions. *See, e.g.*, *Nichols*, 56 F.3d at 412 ("It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial."). Further, during questioning by the district court, Waqar indicated that he had discussed the plea offer with counsel and understood that he was risking a longer sentence by proceeding to trial. Under these circumstances, the district court was not required to order a competency hearing.

Waqar also challenges the district court's pretrial ruling that evidence of certain other acts of his would be admissible in the event that he opted to pursue an entrapment defense. As we have previously explained, "[t]he proper method to preserve a claim of error . . . is to take the position that leads to the admission of adverse evidence, in order to bring a fully developed record to this Court." *United States v. Ortiz*, 857 F.2d 900, 906 (2d Cir. 1988). Waqar's tactical decision to forego presenting an entrapment defense and thus avoid introduction of the evidence in question waived further review of the district court's decision regarding the admissibility of that evidence.

We have considered Waqar's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court