**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4287**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

TONYAL LOCKLEAR,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cr-00231-JAB-3)

Submitted:  October 28, 2014          Decided:  November 4, 2014

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harvey A. Carpenter IV, THE LAW OFFICES OF HA (ALEC) CARPENTER IV, Greensboro, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tonyal Locklear appeals his conviction and thirty-three month sentence imposed following his guilty plea to possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472 (2012). On appeal, Locklear's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in (1) denying Locklear's request for a sentence at the bottom of the Guidelines range, and (2) declining to order that the sentence be served in the North Carolina Department of Corrections, concurrently with his undischarged state sentence. Locklear was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review Locklear's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel first questions whether the court abused its discretion in imposing a sentence of thirty-three months, instead of the thirty-month sentence he requested. We conclude Locklear has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. See id.

Turning to Locklear's request that his sentence run concurrently with the state sentence he was already serving, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a) (2012); see U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c). The court is required to consider the § 3553(a) factors in determining whether to run the sentences consecutively or

3

concurrently.  18 U.S.C. § 3584(b).  The Guidelines commentary also enumerates a series of factors relevant to this determination.  USSG § 5G1.3 cmt. n.3(A).  Specific consideration of these factors, while recommended, is not required by either statute or § 5G1.3(c).  See United States v. Nania, 724 F.3d 824, 838 (7th Cir. 2014); see also United States v. Rodriguez, 715 F.3d 451, 451-52 (2d Cir. 2013), cert. denied, 134 S. Ct. 1042 (2014).

Here, the court complied with its obligation to consider the § 3553(a) factors.  While the sentencing court did not specifically address the USSG § 5G1.3 factors, this information was before the court when it sentenced Locklear, and we perceive no error.

Finally, with regard to Locklear's request that he serve his sentence in the North Carolina Department of Adult Corrections, the Bureau of Prisons has sole authority to determine whether a federal prisoner's sentence is to be served in federal or state court.  See 18 U.S.C. § 3621(b) (2012); Tapia v. United States, 131 S. Ct. 2382, 2390-91 (2011). Therefore, this claim entitles Locklear to no relief.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Locklear's conviction and sentence.  This court requires that counsel inform Locklear, in writing, of the

4

right to petition the Supreme Court of the United States for further review. If Locklear requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Locklear.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>