13-3594-cr
*United States of America v. Houston*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             RAYMOND J. LOHIER, JR.,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

      - v -                                                   No. 13-3594

ROBERT LEE HOUSTON,

      *Defendant-Appellant.*

_____

| | |
|---|---|
| For Defendant-Appellant: | MARIANNE MARIANO, Federal Public Defender for the Western District of New York, Buffalo, New York. |
| For Appellee: | CHRISTOPHER C. CAFFARONE, (Susan Corkery, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York. |

1

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the case is **REMANDED** to the district court for further proceedings

consistent with this order.

Defendant-Appellant Robert Lee Houston appeals from a judgment of conviction entered

on September 20, 2013 by the United States District Court for the Eastern District of New York

(Spatt, *J.*). Houston asserts that the district court erred by failing to further inquire into his

competency to stand trial and by denying his repeated motions to relieve his second appointed

attorney. Houston also contends that his first appointed attorney provided ineffective assistance.

We assume the parties' familiarity with the relevant facts, procedural history of the case, and the

issues presented for review.

We begin with Houston's contention that the district court erred by refusing to order a

competency hearing after Houston's second appointed counsel expressed doubts about Houston's

competency. The Due Process Clause bars the "criminal prosecution of a defendant who is not

competent to stand trial." *United States v. Quintieri*, 306 F.3d 1217, 1232 (2d Cir. 2002) (quoting

*Medina v. California*, 505 U.S. 437, 439 (1992)) (internal quotation mark omitted). This

constitutional right is safeguarded by a statutory framework for evaluating the competency of

criminal defendants. 18 U.S.C. § 4241(a) provides that:

> [T]he defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Before holding the competency hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted." *Id.* § 4241(b). At the hearing, the defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *Id.* § 4247(d). District courts have an independent and continuing obligation to ensure a defendant's competency. *See United States v. Kerr*, 752 F.3d 206, 215–16 (2d Cir. 2014). We review a district court's determination of whether there is reasonable cause to question the defendant's competency pursuant to 18 U.S.C. § 4241(a) for abuse of discretion. *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010) (per curiam) (citing *Quintieri*, 306 F.3d at 1232–33).

Here, Houston's second appointed counsel, William Wexler, asked the district court to order a competency hearing on January 29, 2013. Wexler explained to the district court that, in his view, "Mr. Houston will not be able to aid in his own defense." J.A. 198. Wexler further recounted that, earlier that morning, Mr. Houston had engaged in a "30, 35-minute rant," which Wexler described as "almost babbling." J.A. 199. Although Wexler acknowledged that Houston had previously been sent to Federal Medical Center Butner for a psychiatric evaluation which concluded that Houston was competent, Wexler "wonder[ed] whether or not some sort of evaluation [was warranted] to see if the circumstances have changed." *Id.*

The district court denied Wexler's request. Among other reasons, the district court declined to order a second competency hearing because Houston "refuses to waive speedy trial," leaving the court with "no alternative" but to "go ahead with . . . trial." J.A. 200.

This was error. The Speedy Trial Act provides for the automatic exclusion of time spent performing a competency determination. 18 U.S.C. § 3161(h)(1)(A); *United States v.*

3

*Magassouba*, 544 F.3d 387, 416 (2d Cir. 2008) ("Under the Speedy Trial Act, however, any period spent resolving a defendant's competency to stand trial is excluded from consideration when determining the date by which a defendant must be brought to trial."). In addition, a defendant's refusal to waive time is not relevant to the inquiry set forth in 18 U.S.C. § 4241(a), which depends solely on whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." As we explained in *United States v. Arenburg*, "where reasonable cause exists at any time after the commencement of a prosecution, a district court has but one option: order a hearing." 605 F.3d at 169 (internal quotation marks and alterations omitted). Accordingly, we conclude that the district court applied the wrong legal standard in refusing to order a competency hearing at Wexler's request. *See id.* ("We will reverse the district court if its decision is based on either a clearly erroneous factual finding or an incorrect view of the law, or if its ruling cannot be located within the range of permissible decisions.").

Moreover, although the district court had already concluded that Houston was competent to stand trial, this prior finding did not relieve the district court of its continuing obligation to ensure Houston's competency. "[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). This is particularly true here where the district court did not make its prior competency determination based on a full competency hearing, but instead relied solely on the written report of the psychiatrists who examined Houston at Federal Medical Center Butner. J.A. 64. Because this report was never subjected to

4

critical scrutiny at a competency hearing, it deserves less weight than it might otherwise be entitled to in deciding whether there was new reason to doubt Houston's competency.[1]

Finally, we place significant weight on the expressed views of Wexler that Houston did not have a "full grasp on reality." J.A. 199. "The opinion of a defendant's attorney as to his ability to understand the nature of the proceedings and to cooperate in the preparation of his defense, is indeed significant and probative." *United States ex rel. Roth v. Zelker*, 455 F.2d 1105, 1108 (2d Cir. 1972). Wexler's views are particularly probative here because they so closely paralleled the very similar concerns previously expressed by Leonard Lato, Houston's first appointed attorney. *See* J.A. 50–52.

In sum, we conclude that the district court abused its discretion by refusing to order a competency hearing at Wexler's request. Accordingly, we remand this matter pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in order to allow the district court (1) to consider whether it can make a retrospective determination regarding Houston's competence to stand trial; and, if it concludes that such a determination is possible, (2) to conduct a full retrospective determination (including a hearing) consistent with the procedures set forth in 18 U.S.C. §§ 4241, 4247. *See Arenburg*, 605 F.3d at 171–72 (applying a similar procedure). After

---

[1] In this regard, we observe that, in ordering the earlier psychiatric examination, the district court expressly found that there was "reasonable cause to believe that the defendant, Robert Lee Houston, may presently be suffering from a mental disease or defect rendering him mentally incompetent." J.A. 59. This finding triggered the need for a full competency hearing pursuant to 18 U.S.C. § 4241(a), complete with the suite of procedural protections guaranteed by 18 U.S.C. § 4247(d). The district court's direct acceptance of the conclusion of the psychiatric examination may not have complied with this statutory framework. In light of the other conclusions made herein, however, we need not reach the question of whether the district court erred by not conducting a full competency hearing before making its initial competency determination.

making these determinations, the district court shall state its conclusions on the record, and the parties shall return the matter to this Court for further proceedings.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK