PER CURIAM:
Defendant-appellant Eduardo Rodriguez appeals from a judgment of conviction entered on March 23, 2012, in the United States District Court for the Southern District of New York (Leonard B. Sand, Judge) on his guilty plea to illegally reentering the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court imposed a term of 57 months’ imprisonment, to run consecutively to an undischarged term of imprisonment that Rodriguez was serving in connection with narcotics convictions in the state of Virginia. In this appeal, Rodriguez challenges his sentence as substantively unreasonable.
. “We review the reasonableness of a district court’s sentence under a deferential abuse of discretion standard.... ” United States v. Hernandez, 604 F.3d 48, 52 (2d Cir.2010). This review “encompasses two components: procedural review and substantive review.” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc). Where the district court’s sentencing decision is procedurally sound, we then consider whether the sentence was substantively reasonable. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). “[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge’s exercise of discretion, and bearing in mind the institutional advantages of district courts.” Cavera, 550 F.3d at 190. Only in exceptional cases, “where the trial court’s decision cannot be located within the range of permissible decisions,” id. at 189 (internal quotation marks omitted), will we set aside a district court’s substantive determination. “In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances;” United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir.2011) (internal quotation marks and bracket omitted).
Rodriguez argues that the district court’s refusal to impose a concurrent or partially concurrent sentence renders his 57-month Guidelines sentence substantively unreasonable. We disagree. The Guidelines provide that, when a defendant is already serving an undischarged term of imprisonment, “the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.” U.S.S.G. § 5G1.3(c). That guideline “generally vests broad discretion in the sen- *452 tending court,” United States v. Maria, 186 F.3d 65, 71 (2d Cir.1999), and instructs district courts to consider a . range of factors in deciding whether a sentence should run concurrently" or consecutively to an existing sentence, including the 18 U.S.C. § 3553(a) factors, and “any other circumstance relevant to the determination of an appropriate sentence,” U.S.S.G. § 5G1.3 app. n. 3. See United States v. McCormick, 58 F.3d 874, 878 (2d Cir.1995) (noting that the court should “consider the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty”) (internal quotation marks omitted). “A district court’s . sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion.” United States v. Matera, 489 F.3d 115, 124 (2d Cir.2007) (brackets and internal quotation marks omitted).
The district court imposed Rodriguez’s 57-month sentence to run consecutively to his existing sentence after considering Rodriguez’s history, characteristics, and the goals of sentencing, most notably, deterrence. These are permissible factors for a district court to consider under § 5G1.3(c), which permits the consideration of the factors listed under 18 U.S.C. § 3553(a), including “the history and characteristics of the defendant” and “the need . to afford adequate deterrence to criminal conduct.” 18 U.S.C. § 3553(a). We therefore conclude that the district court acted well within its discretion in imposing the sentence to run consecutively to the state sentence.
We have considered all of Rodriguez’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.
Judge LYNCH concurs in the opinion of the Court, and files a concurring opinion.