15-2271-cr (L)
*United States v. Gochie*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of September, two thousand sixteen.**

PRESENT:
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*         Nos. 15-2271-cr, 15-2298-cr

    v.

GREGORY DEAN GOCHIE,

    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR UNITED STATES OF AMERICA:** | William B. Darrow (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Eric S. Miller, United States Attorney for the District of Vermont, Burlington, Vermont. |
| **FOR DEFENDANT-APPELLANT:** | Michael L. Desautels, Federal Public Defender (Barclay T. Johnson, *on the brief*), |

District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 13, 2015 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Gregory Dean Gochie ("Gochie") appeals from a judgment of conviction and sentence following his plea of guilty to one count of failure to register under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), as well as his admission that he violated three conditions of supervised release. The District Court sentenced Gochie principally to terms of 63 months' imprisonment for his SORNA conviction and 24 months' imprisonment for his violations of conditions of supervised release, to run consecutively. This appeal followed.

On appeal, Gochie argues that the District Court erred when it (1) imposed a six-level sentencing enhancement under § 2A3.5(b)(1)(A) of the United States Sentencing Guidelines based on his purported commission of a "sex offense" while unregistered, without having first concluded that he had committed a specific "State, local, tribal, foreign, or military offense"; and (2) imposed a total sentence of 87 months' imprisonment, which is substantively unreasonable in the circumstances. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Gochie's arguments as meritless.

**A.**

First, Gochie contends that the District Court erred when it imposed a six-level sentencing enhancement under § 2A3.5(b)(1)(A) of the Sentencing Guidelines for his alleged commission of a "sex offense" while unregistered. He argues that the District Court's conclusion, based on testimony from an alleged victim of his sexual assault in New Hampshire, that his conduct had "constituted rape . . . at least in the common definition," J.A. 108, was insufficient insofar as the Court failed to identify a specific "State, local, tribal, foreign, or military offense" he had violated. Def. Br. 23–24.

We review a district court's interpretation of the Sentencing Guidelines *de novo* and a district court's findings of fact for clear error. *See, e.g.*, *United States v. Vasquez*, 389 F.3d 65, 68 (2d Cir. 2004). "If we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (internal quotation marks omitted).

2

Under § 2A3.5(b)(1)(A), a district court increases a defendant's SORNA offense level by six levels "[i]f, while in a failure to register status, the defendant committed-- (A) a sex offense against someone other than a minor." U.S. Sentencing Guidelines Manual § 2A3.5(b)(1)(A) (U.S. Sentencing Comm'n 2016). The Application Notes explain that "[s]ex offense" is defined to have "the meaning given that term in 42 U.S.C. § 16911(5)," *id.* cmt. n.1, which in turn defines the term in pertinent part to mean "a criminal offense that has an element involving a sexual act or sexual contact with another," 42 U.S.C. § 16911(5)(A)(i); *see id.* § 16911(5)(C) (excepting "[a]n offense involving consensual sexual conduct" from the scope of "sex offense" in certain circumstances). The term "criminal offense," for purposes of § 16911, is defined to mean "a State, local, tribal, foreign, or military offense . . . or other criminal offense." *Id.* § 16911(6).

In the circumstances presented here, we need not decide whether the District Court erred in imposing the § 2A3.5(b)(1)(A) enhancement without first finding that Gochie had committed a specific sex offense criminalized under "State, local, tribal, foreign, or military" law, because, even assuming that the District Court erred, the purported error was harmless. As the government points out, the testimony of the victim of the alleged sex offense in New Hampshire—testimony that the District Court explicitly credited, and which Gochie does not contend was clearly erroneous on appeal—plainly established that Gochie had committed a specific "sex offense" under New Hampshire law, sufficient to warrant the § 2A3.5(b)(1)(A) enhancement.

Under New Hampshire law, "[a] person is guilty of the felony of aggravated felonious sexual assault if such person engages in sexual penetration with another person under any of the following circumstances: (a) When the actor overcomes the victim through the actual application of physical force, physical violence, or superior physical strength . . . ." N.H. Rev. Stat. Ann. § 632-A:2(I). We conclude that "aggravated felonious sexual assault" under § 632-A:2(I)(a) is a "sex offense" within the meaning of § 2A3.5(b)(1)(A) of the Sentencing Guidelines, in that it is "a criminal offense that has an element involving a sexual act or sexual contact with another." *See* 42 U.S.C. §§ 16911(5)(A)(i), 16911(6). The only remaining question in our harmless-error analysis, then, is whether the record indicates clearly that the district court would have found by a preponderance of the evidence that Gochie committed "aggravated felonious sexual assault" under New Hampshire law. We conclude that it does.

During the sentencing hearing, the victim testified, *inter alia*, that while in New Hampshire she was forced by Gochie to engage in sexual intercourse with him on "numerous" occasions, including one occasion during which she had said "no" to him, but he nevertheless "choke[d] [her] out by using his forearm," leaving bruises on her neck. J.A. 89. During this episode, the victim "could tell [her] breathing was being cut off, and there was nothing [she] could do to defend [herself]." *Id.* She "felt like [she] was going to die that time." *Id.* Additionally, the victim would tell Gochie during sex that she "didn't want to anymore, but if [she] complained that he was hurting [her], he would just have rougher sex with [her] and continue and threaten to restrain [her], if he

3

needed to, to continue what he wanted to do." *Id.* Taking this testimony and the victim's other testimony as true, as the District Court found, we conclude that Gochie committed "aggravated felonious sexual assault" under New Hampshire law, sufficient to warrant the § 2A3.5(b)(1)(A) enhancement.

Accordingly, we conclude that, even assuming that the District Court erred in not identifying a particular sex offense Gochie had committed before imposing the enhancement, the purported error was harmless because Gochie indisputably committed a "sex offense" consistent with § 2A3.5(b)(1)(A) of the Sentencing Guidelines.

**B.**

Second, Gochie contends that the District Court erred by imposing a substantively unreasonable sentence, totaling 87 months' imprisonment. We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189–90 (internal quotation marks omitted) (emphasis in original). Further, although we do not presume that a within-Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (internal quotation marks omitted).

Based on the record before us, we conclude that Gochie's total sentence of 87 months' imprisonment was not substantively unreasonable. The District Court properly based the 63-month sentence for the SORNA conviction, which was at the top of the Sentencing Guidelines range, as well as the 24-month sentence for the violations of supervised release, on the need to promote deterrence and protect the public from Gochie. This was a sound conclusion, inasmuch as Gochie had reoffended since being sentenced in 2011 to 51 months' imprisonment on a SORNA conviction, and in light of his history of violating conditions of supervised release. The District Court also properly determined that these sentences were to run consecutively, consistent with § 7B1.3(f) of the Sentencing Guidelines.

**CONCLUSION**

We have considered all of the defendant-appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the July 13, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4