15-2813-cr
*United States v. Maslar*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand sixteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
                    *Circuit Judges,*
            JANE A. RESTANI,
                    *Judge.*\*

---

UNITED STATES OF AMERICA,

　　　　　*Appellee,*

　　　　　　　　v.

MICHAEL MASLAR,

　　　　　*Defendant-Appellant.*

---

No. 15-2813-cr

FOR UNITED STATES OF AMERICA:　　　Jacabed Rodriguez-Coss (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United

---

\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

States Attorney for the District of
Connecticut, New Haven, Connecticut.

**FOR DEFENDANT-APPELLANT:**     James P. Maguire, Assistant Federal Public
Defender, Federal Public Defender's
Office, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 27, 2015 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Michael Maslar ("Maslar") appeals from a judgment of conviction and sentence entered by the District Court on August 27, 2015. Maslar pleaded guilty to one count of federal bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced principally to a term of 151 months' imprisonment. This appeal followed.

On appeal, Maslar argues that the District Court erred during sentencing when it (1) determined that he was a "career offender" within the meaning of § 4B1.2(a) of the United States Sentencing Guidelines, based on the District Court's plainly erroneous conclusion that federal bank robbery in violation of the first clause of 18 U.S.C. § 2113(a) is a "crime of violence"; and (2) imposed a sentence of 151 months' imprisonment, which was substantively unreasonable in the circumstances. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.**

First, Maslar argues that the District Court committed "plain error" during sentencing when it determined that he was a "career offender" within the meaning of § 4B1.2(a) of the United States Sentencing Guidelines, based on the District Court's erroneous conclusion that federal bank robbery in violation of the first clause of 18 U.S.C. § 2113(a) is a "crime of violence."[1] We disagree.

In calculating Maslar's Sentencing Guidelines range, the District Court determined that Maslar's three federal bank-robbery convictions under 18 U.S.C. § 2113(a) were "crimes of violence" under § 4B1.2(a) of the United States Sentencing Guidelines, and the District Court consequently determined that Maslar was a "career offender" under § 4B1.1(a). *See* U.S. Sentencing Guidelines

---

[1] Notably, Maslar does not argue that any of his federal bank-robbery convictions involved the second clause of § 2113(a). Def. Br. 14–19. Accordingly, we analyze his sentencing challenge only with respect to the first clause of § 2113(a).

Manual §§ 4B1.2(a), 4B1.1(a), (b) (U.S. Sentencing Comm'n 2014). At the time of sentencing, § 4B1.2(a) defined "crime of violence" to mean, *inter alia*, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a). In turn, a person is guilty under the first clause of 18 U.S.C. § 2113(a) if he "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank."

Because Maslar failed to raise his objection at the District Court, we review the District Court's determination that he was a "career offender" for "plain error."[2] To establish plain error, an appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (internal quotation marks omitted). Notably, in the sentencing context, "where the cost of correcting an unpreserved error is not as great as in the trial context," we do not apply the plain-error standard "stringently." *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009).

Maslar contends that a conviction under the first clause of 18 U.S.C. § 2113(a) is not categorically a "crime of violence" under the "physical force" clause of § 4B1.2(a)(1) because a defendant can be convicted without the requisite "use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).[3] Specifically, he argues that a defendant can be convicted of bank robbery if he used "force and violence" directed at *property*—without using, attempting to use, or threatening to use "physical force against the person of another" as required by § 4B1.2(a). He also argues that a defendant can be convicted of bank robbery if he used "intimidation" but did not *intend* to use intimidation as required by § 4B1.2(a)(1).

---

[2] Maslar argues that "modified plain error analysis"—in which the government bears the burden of demonstrating that the purported error was harmless—should apply because the source of the error was a supervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Def. Br. 7. As the government points out, however, the District Court sentenced Maslar *after* the Supreme Court decided *Johnson*, meaning *Johnson* was not a supervening decision. Consequently, we need not determine whether "modified plain error analysis" is the appropriate standard of review where the source of plain error is a supervening decision. *See generally United States v. Robinson*, 799 F.3d 196, 200 n.1 (2d Cir. 2015).

[3] As we have recently explained, "[t]o determine whether an offense is a crime of violence, courts employ what has come to be known as the 'categorical approach.' . . . [u]nder [which] courts identify the minimum criminal conduct necessary for conviction under a particular statute . . . . and then . . . consider whether such conduct amounts to a crime of violence." *United States v. Hill*, 2016 WL 4120667, at *3, --- F.3d --- (2d Cir. Aug. 3, 2016) (citations and internal quotation marks omitted).

We conclude that Maslar's interpretations of the first clause of 18 U.S.C. § 2113(a)—in arguing that a conviction under that clause is not categorically a "crime of violence"—are at least subject to dispute, if not altogether unpersuasive. Maslar cites no authority that clearly supports either of his interpretations of 18 U.S.C. § 2113(a)'s scope, and the provision includes no language clearly indicating that a defendant can be convicted if he used "force and violence, or . . . intimidation" directed only at property, or in the absence of intent, as Maslar suggests. *Cf. United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) ("For an error to be plain, it must, at a minimum, be clear under current law." (internal quotation marks omitted)). Accordingly, we need not decide whether the District Court's ruling was erroneous in the circumstances presented because even assuming *arguendo* that it was, any error by the District Court was not "clear or obvious, rather than subject to reasonable dispute." *Wagner-Dano*, 679 F.3d at 94 (internal quotation marks omitted). Because Maslar has failed to establish that the purported error was "clear or obvious," he has failed to satisfy plain-error review.

**B.**

Second, Maslar argues that the District Court erred when it sentenced him to 151 months' imprisonment, which was a substantively unreasonable sentence in the circumstances. We disagree.

We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189–90 (internal quotation marks omitted) (emphasis in original). Further, although we do not presume that a within-Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (internal quotation marks omitted).

Based on the record before us, we conclude that Maslar's sentence of 151 months' imprisonment was not substantively unreasonable. After the District Court adopted the factual findings in the Presentence Investigation Report, it considered—and engaged in a lengthy discussion regarding—the factors set forth in 18 U.S.C. § 3553(a), addressing certain of Maslar's arguments as well. The District Court then imposed a sentence at the bottom of the Sentencing Guidelines range, and articulated the precise reasons for the sentence, including, *inter alia*, that Maslar has "shown that a substantial sentence followed by a significant term of supervised release is not enough to protect the public from [his] conduct," in light of his history of reoffending, and thus that "a longer sentence is needed." J.A. 162. The District Court further summarized its rationale for the sentence in the written judgment, emphasizing the need to protect the public from Maslar and promote respect for the law. Based on the foregoing, we conclude that the sentence imposed by the District Court was not substantively unreasonable in the circumstances.

4

**CONCLUSION**

We have considered all of the defendant-appellant's arguments and find them to be without merit. Accordingly, the August 27, 2015 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk