14-1761-cr (L), 14-3334(con)
*United States v. Rosa & Mercado*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT: JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*           14-1761-cr (L), 14-3334(con)

        v.

ANGEL ROSA, AKA LITTLE, AKA DADDY, JERRY MERCADO,

        *Defendants-Appellants.*

---

FOR APPELLEE:  NANCY V. GIFFORD (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT ANGEL ROSA:  JOHN A. CIRANDO, (Bradley E. Keem, Elizabeth deV. Moeller, *on the brief*), D.J. & J.A. Cirando, Esqs., Syracuse, NY.

**FOR DEFENDANT-APPELLANT JERRY MERCADO:**

WALTER BANSLEY III (Heather Clark, Clark Law Office, New London, CT, *on the brief*), New Haven, CT.

Appeal from judgments of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and are hereby **AFFIRMED**.

Defendants-appellants Angel Rosa ("Rosa") and Jerry Mercado ("Mercado") appeal from judgments of conviction entered on May 28, 2014 and August 25, 2014, respectively. Rosa pleaded guilty to conspiracy to possess with intent to distribute and distribution of 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Mercado pleaded guilty to conspiracy to possess with intent to distribute and distribution of a mixture and substance containing a detectable quantity of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The District Court imposed a 235-month term of imprisonment on Rosa and a 120-month term of imprisonment on Mercado. This appeal followed.

On appeal, Rosa asserts that (1) he received ineffective assistance of counsel because of a breakdown in communication between him and his lawyer; (2) that the District Court abused its discretion by not ordering a mental competency hearing; and (3) that his sentence was substantively unreasonable. Mercado argues only that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, each of these arguments are unavailing.

A.

Rosa first argues that his conviction is constitutionally defective because he suffered ineffective assistance of counsel. We evaluate ineffective assistance claims pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in which a petitioner must (1) show that his counsel's representation "fell below an objective standard of reasonableness" and (2) "affirmatively prove prejudice." *Id.* at 687-88, 693. Unlike a claim brought pursuant to a 28 U.S.C. § 2255 motion, the factual record on direct appeal typically has not been developed "precisely for the object of litigating or preserving the claim and [is] thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Because we have a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh,* 152 F.3d 88, 161 (2d Cir. 1998), and because the Supreme Court has explained that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro,* 538 U.S. at 504, we decline to review Rosa's ineffective assistance claim at this time. Instead, Rosa may pursue his claim in a § 2255 petition.

B.

Rosa next argues that the District Court erred or "abused its discretion" by not ordering a mental competency hearing. While Rosa filed an *ex parte* motion seeking permission to incur expenses under the Criminal Justice Act, 18 U.S.C. § 3006A, for a psychological examination after he pleaded guilty, he did not move for a competency hearing.[1]

"It is well established that the Due Process Clause . . . prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). This due process right "spans the duration of a criminal proceeding," including sentencing. *United States v. Arenburg*, 605 F.3d 164, 168–69 (2d Cir. 2010). Section 4241(a) of Title 18, United States Code, requires a district court, on its own motion, to conduct a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). We review for abuse of discretion the district court's determination that such "reasonable cause" warranting a competency hearing is absent. *Arenburg*, 605 F.3d at 169. "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Upon review of the record and relevant law, we conclude that the District Court acted well within its discretion to not hold a competency hearing *sua sponte*. At Rosa's plea allocution, the District Court explicitly inquired into Rosa's health and mental competency. The District Court further inquired of defense counsel whether he had "any doubts at this time as to [Rosa's] competence to plead guilty," to which counsel responded "No." J.A. 395. Moreover, Rosa's conduct during his plea and sentencing hearings not only indicates that he actively participated in the proceedings, but that he clearly understood their nature. For example, at his sentencing hearing, Rosa clarified issues concerning his gang membership and forfeiture provisions in the plea agreement. On this record, it is abundantly clear that the District Court was well within its discretion not to hold a competency hearing *sua sponte*. *See Arenburg*, 605 F.3d at 169.

---

[1] The District Court denied this motion without prejudice to renewal if Rosa could provide mental health records and an affidavit from defense counsel supporting Rosa's claim of mental illness. Rosa never supplied this documentation, which lends further support to the District Court's choice not to hold a *sua sponte* competency hearing.

## C.

Lastly, both Rosa and Mercado argue that their sentences are substantively unreasonable. We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189–90 (internal quotation marks omitted) (emphasis in original). Further, although we do not presume that a Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (internal quotation marks omitted).

On the record before us, we conclude that Rosa's sentence of 235 months of imprisonment is not substantively unreasonable. The District Court calculated a sentencing range of 188–235 months in accordance with Rosa's plea agreement and the applicable Guidelines. The District Court imposed a sentence at the top of the Guidelines range and articulated the precise reasons for the sentence, including, *inter alia*, Rosa's role as the leader of the conspiracy and his long and violent criminal background. Based on the foregoing, we conclude that the sentence imposed on Rosa by the District Court was not substantively unreasonable.

Similarly, we conclude that Mercado's sentence of 120 months of imprisonment is not substantively unreasonable. The District Court employed a careful analysis of the factors set forth in 18 U.S.C. § 3553(a) and, noting its discretion to depart from the Guidelines, imposed a below-Guidelines sentence. The District Court also reviewed Mercado's record to confirm his violent criminal history (giving full consideration to Mercado's young age when some of these crimes were committed) and appropriately concluded that this criminal history and the purposes of sentencing precluded a further downward departure from the Guidelines. Under these circumstances, the sentence imposed on Mercado by the District Court was not substantively unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Rosa and Mercado on appeal and find them to be without merit. We thus **AFFIRM** the May 28, 2014 and August 25, 2014 judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4