18-2559-cr
United States v. Adolfo Pichardo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                      *Circuit Judges*,
             JENNIFER CHOE-GROVES,
                      *Judge*,[1]

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

          v.                                              18-2559-cr

ADOLFO PICHARDO,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     Barry D. Leiwant, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.


Appearing for Appellee:      Anna M. Skotko, Assistant United States Attorney (Ryan B. Finkel, Assistant United States Attorney, *on the brief*), *for*

---

[1] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Adolfo Pichardo appeals from the August 16, 2018 judgment of conviction and sentence principally of 54 months' imprisonment and 3 years' supervised release for violations of 18 U.S.C. § 1542 (making false statements in an application for a passport); 18 U.S.C. § 1347 (healthcare fraud); 18 U.S.C. § 641 (theft of government benefits); and 18 U.S.C. § 1028A (aggravated identity theft) following a guilty plea in the United States District Court for the Southern District of New York (Schofield, *J.*). He challenges his sentence on the grounds that it was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pichardo argues that his sentence was procedurally unreasonable because the district court had an "inaccurate view of the facts," namely that it "mentioned, but did not seem to take into account, [his] physical and mental health problems, the non-violent nature of his crimes, and the extent to which those crimes were driven by hunger and his need for medical care," and "should not have imposed a 'greater sentence' based on an unsubstantiated fear that [he] would reoffend by returning to the United States." Appellant's Br. at 13, 15.

A district court commits procedural error when, among other things, it "fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (internal quotation marks and citations omitted). In addition, the sentencing judge must "state in open court the reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c).

Despite Pichardo contentions otherwise, the district court did consider and discuss the significance of his health problems. At sentencing, the court noted Pichardo's ailments but ultimately concluded "that a substantial sentence of imprisonment is important" for both specific and general deterrence purposes. App'x at 73-74. Moreover, defense counsel made extensive arguments about Pichardo's crimes and his potential motives for committing them, and the court recognized them at the hearing. These arguments notwithstanding, the court found it more significant that Pichardo was "engaged in a fraud where [he] took someone's identity and also government benefits for a very long time." *Id.* at 73.

Further, the district court properly considered Pichardo's propensity to return to the United States. Its conclusion that he likely would return was supported by its articulation of his significant ties to the United States, including his living in the country for 35 years illegally and 16 years under a stolen identity; his having four children here, including a seven-year-old daughter; and the absence of information suggesting that he had traveled to the Dominican

2

Republic at any point in his adult life. Given these ties, it was not unreasonable for the court to consider Pichardo's propensity to return to the United States as a relevant factor.

In sum, the court explained its consideration of Pichardo's health issues, his personal characteristics, and the likelihood that he would return to the United States, and it appropriately discussed them based on the factors set forth in Section 3553(a). Accordingly, Pichardo's argument that the sentence was procedurally unreasonable fails.

Pichardo also appeals on the basis that his sentence was substantively unreasonable even though it fell within the Guidelines range. He argues that the "guideline sentence . . . may be appropriate for a health care provider who is swindling Medicaid, or a store owner who cheats the food stamp program," but is "harsher than is needed to properly punish Mr. Pichardo." Appellant's Br. at 16. We disagree.

We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189-90 (internal quotation marks and citations omitted). And, while we do not presume that a Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (citation omitted).

On the record before us, Pichardo's sentence is not substantively unreasonable. The Presentence Report outlined a guidelines range of 54 to 61 months' imprisonment. The district court imposed a sentence on the lowest end of that range. As the district court recognized, Pichardo used another person's identity for over a decade and fraudulently obtained $95,000 in government benefits. On these bases, we disagree with Pichardo that his sentence was substantively unreasonable.

We have considered the remainder of Pichardo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3