18-1598-cr
United States v. Jerome Shaw

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of October, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*,
             JENNIFER CHOE-GROVES,
                     *Judge.*[1]

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

              v.                                                      18-1598-cr

JEROME SHAW,

                         *Defendant-Appellant*.

_____

Appearing for Appellant:     John Burke, Brooklyn, N.Y.


Appearing for Appellee:      Dominic Gentile, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

_____

[1] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York. (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Jerome Shaw appeals from the May 22, 2018 judgment in the United States District Court for the Southern District of New York (Sullivan, *J.*) sentencing him principally to 15 years' imprisonment and forfeiture of $100,000. Shaw was sentenced after pleading guilty to one count of conspiracy to commit interstate transportation of stolen property in violation of 18 U.S.C. § 371; one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314; one count of receipt and sale of stolen goods in violation of 18 U.S.C. § 2315; and one count of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. Shaw challenges his sentence on the grounds that the district court committed clear error in concluding, after a *Fatico* hearing, that he participated in burglaries; in refusing to credit Shaw with the acceptance-of-responsibility reduction; that the sentence was substantively unreasonable; and that the forfeiture amount violated the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Shaw first contends that the district court committed clear error because there was no proof adduced at the *Fatico* hearing that he committed the disputed burglaries. We review findings of fact made after a *Fatico* hearing for clear error. *See United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005). We are "not allowed to second-guess the factfinder's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Medunjanin*, 752 F.3d 576, 584–85 (2d Cir. 2014) (internal quotation marks and alteration omitted). Shaw has failed to demonstrate that the district court committed clear error in its factual findings.

The evidence adduced at the *Fatico* hearing included a videotape of an informant who claimed that Shaw told him that he was directly involved in the burglaries, along with extensive testimony from the lead investigator regarding the evidence tying Shaw to the burglaries. The district court's findings were supported, and we defer, as we must, to its determinations of credibility at the hearing. We find no error.

Second, Shaw argues that the district court committed clear error in not crediting him for his acceptance of responsibility after he pled guilty to the convictions for which he was charged. We disagree. The Guidelines authorize a two-step decrease in a defendant's offense level, if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG 3E1.1(a). A guilty plea is "significant evidence of acceptance of responsibility" but it is not dispositive. Application Note 3. In deciding whether a defendant qualifies for the adjustment, the district court should consider, among other things, whether the defendant has:

[t]ruthfully admit[ed] the conduct comprising the offense(s) of conviction, and truthfully admit[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

*Id.* 3E1.1 Application Note 1(A).

Shaw argues that his entitlement to an acceptance-of-responsibility reduction must be evaluated exclusively by reference to his offenses of conviction. But this contention is belied by the Guidelines. The relevant conduct includes his participation in the multiple burglaries that were the subject of the *Fatico* hearing. Under the district court's analysis, the theft of more than $4,700,000 in stolen property, to which Shaw admitted to possessing and transporting, were "acts and omissions committed" in preparation for the offenses of conviction, and "were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG 1B1.3(a). The district court did not commit clear error in finding Shaw falsely denied his participation in the burglaries and home invasion, which constitutes relevant conduct under the Guidelines, and was properly considered.

Shaw also challenges his sentence as substantively unreasonable. We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189–90 (internal quotation marks omitted) (emphasis in original). And, while we do not presume that a Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (internal quotation marks omitted). The within-Guidelines sentence of 180 months' imprisonment is far from outrageous in light of the extent, nature, and sophistication of the crimes.

Last, Shaw argues that the forfeiture amount of $100,000 violates the Eighth Amendment's Excessive Fines Clause. In order to comply with the Eighth Amendment, the forfeiture "must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian,* 524 U.S. 321, 334 (1998). We apply the following four factors in determining whether a forfeiture is grossly disproportional: "[1] the essence of the crime of the defendant and its relation to other criminal activity, [2] whether the defendant fit into the class of persons for whom the statute was principally designed, [3] the maximum sentence and fine that could have been imposed, and [4] the nature of the harm caused by the defendant's conduct." *United States v. Varrone*, 554 F.3d 327, 331 (2d Cir. 2009) (alterations in original) (internal quotation marks and brackets omitted).

Here, the forfeiture amount was not grossly disproportional to Shaw's offenses of conviction. The forfeited funds were generated by Shaw's participation in a multi-year scheme to burglarize and rob wealthy home owners of more than $4.7 million in property. He was convicted of, among other things, receiving stolen property, and faced a statutory maximum fine of

3

$9,628,474, far above the forfeiture amount. Accordingly, Shaw's constitutional challenge to the forfeiture lacks merit.

We have considered the remainder of Shaw's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk