United States v. Patrick Muraca

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of May two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                              19-149

PATRICK MURACA,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Brendan White, White & White, New York, N.Y.

Appearing for Appellee:      David Abramowicz, Assistant United States Attorney (Katherine Reilly, Thomas McKay, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Patrick Muraca appeals from the January 11, 2019 judgment in the United States District Court for the Southern District of New York (Abrams, *J.*) sentencing him principally to 27 months' imprisonment, 3 years' supervised release, $132,780 in restitution, and $1,165,280 in forfeiture. Following a jury trial, Muraca was convicted of one count of wire fraud, in violation of 18 U.S.C. §§ 1342 and 2, and one count of making false statements, in violation of 18 U.S.C. § 1001. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Muraca argues that (1) the district court committed reversible error by refusing to provide a definition of "capitalization" in response to a jury note during deliberations; (2) his sentence of 27 months' imprisonment is substantively unreasonable; and (3) the forfeiture amount imposed as part of his sentence was not sufficiently supported by the record.

As to Muraca's challenge to the district court's response to the jury note, "[t]he trial court enjoys considerable discretion construing the scope of a jury inquiry and in framing a response tailored to the inquiry." *United States v. Rommy*, 506 F.3d 108, 126 (2d Cir. 2007). "If a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given." *United States v. Civelli*, 883 F.2d 191, 195 (2d Cir. 1989).

We disagree with Muraca that the district court abused its discretion in responding to the jury note asking for a definition of "capitalization." The district court properly relied on our decision in *United States v. Russo*, 74 F.3d 1383 (2d Cir. 1996), and declined to provide an extra-record definition of the financial term. The district court correctly determined that the term was not "defined by an established set of legal criteria," App'x 95, but rather was used by witnesses, and it would not be appropriate for the court to define it for the jury.

Muraca also argues that his sentence was substantively unreasonable. We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks and citation omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189-90 (internal quotation marks and citations omitted). And, while we do not presume that a Guidelines sentence is reasonable, in the "overwhelming majority of cases," it is. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (internal quotation marks and citation omitted).

On the record before us, Muraca's sentence is not substantively unreasonable. The district court adopted the Guidelines range proposed by Muraca and sentenced him within that range. We disagree that the sentence of 27 months' imprisonment, in light of the extent and nature of

the financial fraud found by the jury, is so high as to "shock the conscience." *United States v. Rigas*, 583 F.3d 108, 124 (2d Cir. 2009).

Finally, Muraca argues that the district court made insufficient findings to support the forfeiture amount it imposed. Muraca did not object at his sentencing hearing, so this issue is subject to plain error review. *United States v. Uddin*, 551 F.3d 176, 181 (2d Cir. 2009). 18 U.S.C. § 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" certain predicate offenses, including wire fraud, is "subject to forfeiture." The district court stated at sentencing that Muraca "was convicted of raising the [$]1,165,280 through fraudulent means and then commingling those funds," App'x 233, and that forfeiture in that amount was appropriate. This finding was supported by evidence adduced at trial, where the jury convicted Muraca of wire fraud. The district court did not commit error, plain or otherwise, in ordering Muraca to forfeit $1,165,280.

We have considered the remainder of Muraca's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk