United States v. Heredia-Sierra

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-three.

PRESENT:  MICHAEL H. PARK,
EUNICE C. LEE,
*Circuit Judges*,
SIDNEY H. STEIN,[1]
*District Judge*.

———————————————————

United States of America,

*Appellee*,

v.

Omar Heredia-Sierra, AKA Omar Heredia Sierra,                    21-2967
AKA Omar Heredia-Siera, AKA Omar Heredia, AKA
Omar Silvestre Heredia-Sierra, AKA Pedro Illas,
AKA Pedro Elias, AKA Omar Heredia Soto,

*Defendant-Appellant.*[2]

———————————————————

---

[1] Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is respectfully directed to amend the caption accordingly.

1

**FOR DEFENDANT-APPELLANT:**  ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, N.Y.

**FOR APPELLEE:**  STEVEN J. KOCHEVAR, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Omar Heredia-Sierra, a citizen of the Dominican Republic, pleaded guilty to one count of unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a), (b)(2). This was Heredia-Sierra's second conviction for unlawful re-entry—his first conviction was in 2003. Since being deported in 2006, Heredia-Sierra met his current partner and had five children, all of whom are U.S. citizens and live in the United States. At some point, Heredia-Sierra returned to the United States and was arrested in 2021 for sale of a controlled substance in the third degree under New York law. After pleading guilty in federal court to unlawful re-entry, Heredia-Sierra submitted a pre-sentencing letter seeking a sentence of "eight months' custody . . . [to] run concurrent with his anticipated state term of imprisonment" for the state drug offense. *See* District Ct. Dkt. No. 22 at 7. The district court sentenced Heredia-Sierra to eight months' imprisonment to run consecutively to his state sentence. On appeal, Heredia-Sierra argues that it is procedurally unreasonable for his federal sentence to run consecutively to, rather than concurrently with, his state sentence and that the imposition of the federal sentence is not supported

2

by the reasons stated by the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In the sentencing context, "[w]e review the work of district courts under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We also review a district court's decision to impose a consecutive rather than a concurrent sentence for abuse of discretion. *See United States v. Rodriguez*, 715 F.3d 451, 451-52 (2d Cir. 2013). "A district court commits procedural error [in sentencing] where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (citation omitted). Heredia-Sierra failed to object to the procedural reasonableness of his sentence at the time of sentencing, so we review for plain error. *Id*. To show plain error, Heredia-Sierra "must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Heredia-Sierra argues that the district court committed procedural error because "the sentence was not justified by the reasons provided." Appellant's Br. at 14. We disagree.

First, the district court adequately explained Heredia-Sierra's sentence with reference to the § 3553(a) factors. A sentencing court must "state in open court the reasons for its imposition

3

of the particular sentence." 18 U.S.C. § 3553(c); *see also id.* § 3584(b) (requiring consideration of the § 3553(a) factors "in determining whether the terms imposed are to be ordered to run concurrently or consecutively"). At the sentencing hearing, the district court explained that "a jail sentence is certainly warranted here, principally to deter the defendant from illegally re-entering a third time." App'x at A64-65. The district court also considered "the defendant's criminal history and history of illegal re-entries." *Id.* at A65. It explained that the consecutive sentence was appropriate because Heredia-Sierra should "be punished for the illegal re-entry offense in addition to any punishment he receives for an unrelated state drug offense." *Id.* at A66. This explanation tracked the § 3553(a) factors, noting Heredia-Sierra's "history and characteristics" and "the need for the sentence imposed . . . to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a).

The district court's expression of doubt as to whether the sentence would actually deter the defendant from committing another offense does not render the court's explanation inadequate. At the hearing, the district court stated: "He's been now twice convicted of illegal re-entry. He wasn't deterred the last time. . . . I don't think he is going to be deterred." App'x at A63-64. But the need to deter may still justify a sentence even if the district court doubts that the defendant will actually be deterred. Moreover, given that "the sentence ultimately imposed is reasonable in light of all the circumstances presented," the "weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006). Thus, the extent to which the district court chose to rely on deterrence as opposed to the other § 3553(a) factors is soundly within its discretion.

4

The district court's comments about Heredia-Sierra's family similarly do not render its explanation inadequate. Heredia-Sierra invoked his family circumstances as a mitigating factor both in his sentencing submission and at the sentencing hearing. The district court responded by noting that Heredia-Sierra's situation is "peculiar" and then describing the circumstances as follows:

> [Heredia-Sierra] knows that his wife is having all these children, five children, that's a lot, over a period of years, during the entire time of which he's in the Dominican [Republic]. She's here, except she goes back and forth, obviously, because well, there are biological reasons for that, and he knows he's not supposed to come back here and he knows that the last time he came back . . . he received a sentence of almost 4 years in prison. And now I'm hearing from your client that, you know, I've got all these children and they need me. . . . Well, to me it almost feels like, and I'm not making this finding exactly, but it almost feels like part of a plan. You know, let's father a bunch of children, they're all US citizens, which is great, good for them, and then after a period of time, I'll come back, and if I get caught again, I'll just say, well, I had all these children.

App'x at A62. The district court went on to distinguish Heredia-Sierra's situation from one in which a defendant's family situation would be a mitigating factor in sentencing.

There is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person . . . which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see Cavera*, 550 F.3d at 191 ("[A]t the procedural part of review, we will not categorically proscribe any factor concerning the background, character, and conduct of the defendant, with the exception of invidious factors." (internal quotation marks omitted)). It was within the district court's discretion to consider information about Heredia-Sierra's "conduct" and "character," and explain why it did not find Heredia-Sierra's reliance on his family circumstances persuasive. *See* 18 U.S.C. § 3661.

5

Nor do the district court's comments indicate that it "base[d] its sentence on clearly erroneous facts[.]" *United States v. McIntosh*, 753 F.3d 388, 394 (2d Cir. 2014). Nothing in the district court's comments noted above rises to clear error. Indeed, in reference to the court's comments about Heredia-Sierra's motivations for having children, the district court said that it was "not making this finding exactly" and was only commenting on what it "almost feels like" to the court. App'x at A62. The facts upon which the district court *did* base its sentence were thoroughly explored on the record.

We thus conclude that the district court's sentence was not procedurally unreasonable, and therefore not plainly erroneous.

We have considered all of Heredia-Sierra's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court