20-734-cr
United States v. Daniel Antonio Salas-Miranda

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             WILLIAM J. NARDINI,
                     *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          20-734-cr

DANIEL ANTONIO SALAS-MIRANDA,
AKA JULIO CESAR ROMERO,
AKA ANTONIO RUIZ-RODRIGUEZ,
AKA GUSTAVO JAIME OLMEDO-RAMIREZ,
AKA JOHN DOE,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     James P. Egan, Assistant Federal Defender, Northern District of
                             New York, Syracuse, NY, *for* Lisa Peebles, Federal Public
                             Defender for the Northern District of New York, Syracuse, N.Y.

Appearing for Appellee:         Paul D. Silver, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Daniel Antonio Salas-Miranda appeals from the February 14, 2020 judgment in a criminal case entered in the United States District Court for the Northern District of New York (D'Agostino, *J.*) following his plea of guilty to one count of illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In calculating Salas-Miranda's applicable range under the United States Sentencing Guidelines, the district court applied a 10-level enhancement based on his recent state court conviction for a felony committed after illegally reentering the country. The district court then imposed a within-Guidelines sentence of 24 months in prison and ordered that the sentence run consecutively to Salas-Miranda's 10-year state court term of imprisonment. Salas-Miranda argues on appeal that this sentence was substantively unreasonable.

We review a district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks and citation omitted). In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189-90 (internal quotation marks and citations omitted).

Section 2L1.2(b)(3)(A) of the Sentencing Guidelines provides that a defendant's offense level should be increased by 10 if, after he was ordered deported for the first time, he engaged in criminal conduct that resulted in a "conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more." The Sentencing Commission made clear the purpose of the enhancement was to capture criminal conduct after an initial removal: "a defendant who sustains criminal convictions occurring before and after the defendant's first order of deportation warrants separate sentencing enhancement." U.S.S.G. Appendix C Amendment 802.

Salas-Miranda acknowledges that the Guidelines enhancement applies here but argues that the imposition of a Guidelines sentence was arbitrary, as it was imposed based on the fact that he was convicted of a separate state offense. The imposition of a Guidelines sentence can be substantively unreasonable. *See United States v. Dorvee*, 616 F.3d 174, 183-84 (2d Cir. 2010). However, our review is "intended to provide a backstop against sentences that are shockingly

high, shockingly low, or otherwise unsupportable as a matter of law" and "substantive reasonableness review is not an opportunity for tinkering with sentences we disagree with, . . . [and] we place great trust in sentencing courts." *Id.* (citations and internal quotation marks omitted). Additionally, "[w]hile we have declined to adopt a per se rule, [w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted).

The Guidelines sentence imposed here was not substantively unreasonable. It is true that, as Salas-Miranda argues, a defendant who engages in similar state criminal conduct following deportation but is not convicted prior to sentencing on the reentry offense does not face an enhancement. However, this potential discrepancy does not imply that the sentence is shockingly high or manifestly unjust. *See United States v. Bonilla*, 618 F.3d 102, 109 (2d Cir. 2010). Indeed, the entire purpose of the enhancement is to capture criminal conduct committed after illegal reentry and, in this case, the district court applied the enhancement exactly as it was intended. Had Salas-Miranda's federal sentencing preceded his state court conviction, that quirk of timing would have resulted in a Guidelines range that failed to capture the full extent of his criminal conduct.  The district court was not compelled to reduce Salas-Miranda's sentence to account for that potential scenario.

In certain rare cases where we have found Guidelines sentences substantively unreasonable, we have noted that the Sentencing Commission departed from its usual empirical approach to sentencing practices. *See*, *e.g*., *Dorvee*, 616 F.3d at 184 (noting that the Sentencing Commission had not formulated child pornography guidelines but enhanced punishments at the direction of Congress); *United States v. Jenkins*, 854 F.3d 181, 189-90 (2d Cir. 2017) (noting that the Sentencing Commission had "effectively disavowed" the child pornography guidelines). Here, there is no indication that the Sentencing Commission departed from past practice in crafting this enhancement. The district court appropriately applied the enhancement for its intended purpose and acted well within the bounds of its discretion in declining to vary downwards from the resulting Guidelines range.

Salas-Miranda next challenges the district court's decision to run his federal sentence consecutively to the state sentence. We will not overturn a decision to run a sentence consecutively absent an abuse of discretion. *See United States v. Rodriguez*, 715 F.3d 451, 451-52 (2d Cir. 2013). The district court considers the Section 3553(a) factors in determining whether to run a sentence consecutively or concurrently. 18 U.S.C. § 3584(b).

Salas-Miranda argues that the district court failed to adequately consider the possibility that the state court had fashioned its sentence with the understanding that Salas-Miranda was illegally present in the country, as well as the possibility that the state court sentence already accounted for his criminal history and repeated unlawful entries into the United States. This argument was not raised below, and therefore we review the district court's decision only for plain error. *See United States v. Dove*, 884 F.3d 138, 151 (2d Cir. 2018).

We find no error in the district court's sentencing decision. The court properly considered Salas-Miranda's entire criminal history and pattern of reentry when assessing whether to run the

sentences consecutively. *See* 18 U.S.C. § 3584(b). If Salas-Miranda thought that the state court's sentencing analysis should affect the district court's analysis, he was free to make that argument below. He failed to do so. "District courts have broad discretion both as to the type of information they may consider in imposing sentence and the source from which that information derives." *United States v. Messina*, 806 F.3d 55, 65 (2d Cir. 2015). The district court acted within its broad discretion in imposing a consecutive sentence.

We have considered the remainder of Salas-Miranda's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4